**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ronnell B. RANDOLPH; Willie Mitchell,**
**Defendants–Appellees.**

No. 95–4086.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1996.

Decided Dec. 3, 1996.

Christina Y. Tabor, argued, Kansas City, MO, for appellant.

Larry C. Pace, argued, Kansas City, MO, for appellee.

Before LOKEN, HEANEY, and JOHN R. GIBSON, Circuit Judges.

LOKEN, Circuit Judge.

The government appeals sixty-month sentences imposed upon Ronnell B. Randolph and Willie Mitchell after they were convicted of cocaine distribution offenses. Concluding that the district court did not adequately explain its drug quantity findings, we reverse and remand for resentencing.

## I.

In June 1993, police obtained a warrant to search the Kansas City apartment of Kenneth Hulett, a suspected drug dealer. They arrested Randolph and Mitchell leaving Hulett's apartment and seized from Mitchell a brown paper bag containing 250 grams of cocaine. Entering the apartment, police found Hulett cooking a large batch of "crack" cocaine. Though Randolph and Mitchell were released, Hulett pleaded guilty to drug and firearm offenses and began cooperating with authorities to obtain a lighter sentence.

Nearly two years later, Randolph and Mitchell were indicted on charges stemming from the June 1993 arrests. Mitchell pleaded guilty to a drug conspiracy offense. His plea agreement stipulated that the drug quantities attributable to him for sentencing purposes should be between fifteen and fifty kilograms of powder cocaine plus 150 to 500 grams of crack cocaine, and recited that those quantities would appear to result in a sentencing range of 188 to 235 months in prison, or 135 to 168 months if Mitchell received a reduction for acceptance of responsibility.

At Randolph's trial, Hulett was a government witness. He testified that he purchased cocaine from a west coast supplier and resold it to Kansas City distributors. Randolph purchased cocaine from Hulett and also helped make deliveries to Hulett's other customers. Beginning in March 1993, Mitchell worked for Randolph running errands and carrying drugs. Regarding drug quantities, Hulett testified that Randolph purchased both crack and powder cocaine during 1992 and up until the arrests in June 1993. These purchases were initially about two to three ounces a week, but "it expanded from him getting two to three ounces at a time to him getting nine ounces at a time to him selling kilos at a time." According to Hulett, he had sold Randolph the 250 grams of cocaine found on Mitchell the day of the arrests. Randolph also testified at trial, admitting that he was friends with Hulett but denying any involvement in Hulett's drug trade.

The jury convicted Randolph of two drug offenses. His presentence report (PSR) attributed to him 2011 grams of cocaine powder and 820 grams of crack cocaine seized in June 1993. In addition, citing "DEA intelligence information," the PSR held Randolph accountable for forty-two kilograms of cocaine purchased from Hulett from September 1992 until the arrests in June 1993, estimating these quantities to be 60% crack and 40% powder cocaine. Similarly, Mitchell's PSR attributed to him the powder and crack cocaine seized in June 1993, plus eighteen kilograms of powder and crack cocaine Randolph purchased from Hulett from late March until June 1993, when Mitchell was helping Randolph distribute cocaine. Both Randolph and Mitchell objected to the drug quantity paragraphs in their respective PSRs.

At Randolph's sentencing hearing, the district court first asked if defense counsel had any additional objections to the PSR. The court then stated: "Well, I'm going to make a finding there was over 500 grams of powdered cocaine involved . . . . but less than two kilograms." The government objected to that finding. Twenty minutes later, the court commenced Mitchell's sentencing hearing. After inviting comments from Mitchell and his attorney, the court stated, "Well, let's see. I'm going to make a finding that there's over 500 grams of powdered cocaine." Again, the government objected. The court sentenced both men to sixty months in prison and five years' supervised release. The government appeals both sentences, claiming that the district court's drug quantity findings are clearly erroneous.

## II.

The government must prove at sentencing the type and quantity of drugs attributable to a defendant by a preponderance of the evidence. *See United States v. Tauil-Hernandez*, 88 F.3d 576, 579 (8th Cir.1996).

Once challenged, a PSR "is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." *United States v. Wise*, 976 F.2d 393, 404 (8th Cir.1992) (en banc) (quotation omitted), *cert. denied*, 507 U.S. 989, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). If defendant objects to the PSR's drug quantity recommendation, the sentencing court must make a specific finding "on the basis of evidence, and not the presentence report." *United States v. Greene*, 41 F.3d 383, 386 (8th Cir.1994). The court may rely on evidence presented at trial, *see United States v. Thompson*, 51 F.3d 122, 125 (8th Cir.1995), and on stipulations made at trial or in a plea agreement, *see United States v. Bender*, 33 F.3d 21, 23 (8th Cir. 1994); *United States v. Dailey*, 918 F.2d 747, 748 (8th Cir.1990).

■ Without explanation, the district court found Randolph and Mitchell responsible for more than 500 grams but less than two kilograms of cocaine. We encourage district courts to specify the evidence that supports their drug quantity findings. *See, e.g., United States v. Scott*, 91 F.3d 1058, 1062 (8th Cir.1996). When the sentencing court's failure to chart a path through disputed or equivocal evidence leaves us unable to meaningfully review this critical sentencing factor, we must remand for further clarification. *See United States v. Alexander*, 982 F.2d 262, 268 (8th Cir.1992) (remanded when district court "failed to explain the basis of its finding"); *United States v. Candie*, 974 F.2d 61, 65 (8th Cir.1992) (remanded for credibility finding regarding conspirator's trial testimony as to drug quantity); *United States v. Simmons*, 964 F.2d 763, 775 (8th Cir.), *cert. denied*, 506 U.S. 1011, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992).

■ *A. Randolph.* At sentencing, Randolph argued that he was responsible only for the 250 grams carried by Mitchell when they were arrested. He now argues that the government waived its right to contest the district court's quantity finding by failing to offer evidence at the sentencing hearing. However, Hulett provided drug quantity evidence at trial, as to which the district court made no credibility finding.[1] Hulett testified that Randolph's purchases were initially two-to-three ounces per week (sixty-to-ninety grams), but grew to kilogram quantities. If Hulett's smallest estimate is believed, sixty grams per week for more than a year produces a total quantity well in excess of the district court's finding, even ignoring Hulett's testimony—corroborated by his activity at the time of arrest—that much of what Randolph purchased was crack cocaine. In these circumstances, we cannot meaningfully review the district court's quantity finding without an explanation of the evidentiary basis for that finding.

■ *B. Mitchell.* The district court did not adopt the quantities to which Mitchell stipulated in his plea agreement, nor the larger quantities recommended in the PSR. Mitchell reaffirmed his drug quantity stipulation at the change of plea hearing and again in his response to the PSR. Although the sentencing court is not bound by such stipulations, *see* U.S.S.G. § 6B1.4(d); *United States v. Westerman*, 973 F.2d 1422, 1426 (8th Cir.1992), lacking an explanation why the court rejected Mitchell's admissions, and what evidence supports the court's lesser quantity finding, we must remand for resentencing. Mitchell argues that his sixty-month sentence should be affirmed as a downward departure. However, the district court did not grant Mitchell a departure. On remand, the court is not precluded from considering departure issues under the standards of *Koon v. United States*, —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

The judgments of the district court are reversed and the case is remanded for resentencing of both defendants.

---

1. In addition, the court at sentencing only invited comments from the defense. Although the government's failure to make an offer of proof when it objected to the drug quantity finding suggests that it did not come to the sentencing hearing with additional evidence, the perfunctory way in which this issue was handled leaves us unwilling to conclude that either party waived its objections.