_____

No. 96-1477
_____

United States of America           *
                                    *
        Plaintiff - Appellant       *
                                    *   Appeal from the United States
    v.                              *   District Court for the Western
                                    *   District of Missouri.
Willie L. Garrett                   *
                                    *            [UNPUBLISHED]
        Defendant - Appellee        *


_____

Submitted: February 11, 1997

Filed: March 28, 1997
_____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,* District Judge.
_____

PER CURIAM


        Appellant Willie L. Garrett appeals his sentence following a jury
trial, asserting the District Court[1] failed to comply with the requirements
of Fed. R. Crim. P. 32(c)(1).  We affirm.

_____

        *The HONORABLE ANDREW W. BOGUE, United States District Judge
for the District of South Dakota, sitting by designation.

        [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, Western Division.

During a routine traffic stop in March 1994, police seized 14.39 grams of cocaine base from the passenger compartment of a car driven by Garrett. A federal grand jury subsequently returned a four-count superceding indictment against Garrett and his brother Tony who was accompanying Garrett at the time of the stop. Garrett was ultimately found guilty of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in violation of 21 U.S.C. § 846 and aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. § § 841(a)(1) and 841 (b)(1)(B).

Prior to his sentencing hearing, Garrett filed written objections to the calculations in the pre-sentence investigation report (PSR) regarding the quantities of cocaine and cocaine base attributable to him for sentencing purposes. Specifically, Garrett objected to any amount of drugs being attributed to him, other than the 14.93 grams seized in March 1994, on grounds there was no evidence adduced at trial substantiating the quantities set forth in the PSR. At the sentencing hearing, Garrett renewed his objections. Based on the evidence seized from the automobile and on information provided to the government by Ross Henry, the original PSR attributed 152.60 grams (5.38 ounces) of cocaine base ("crack") to Garrett for purposes of sentencing. Garrett describes Henry as an "unindicted co-conspirator" who testified for the government at Garrett's trial pursuant to a plea agreement in an unrelated case. At Garrett's trial, Henry indicated he had delivered cocaine and cocaine base to both Garrett and his brother. At Garrett's sentencing hearing, because Garrett made objections to the quantities of cocaine base attributed to him in the PSR, the government once again called Henry to testify. Henry indicated that during his testimony at the trial, he was intimidated by a man in the gallery wearing black gloves, but that he was now (at the sentencing hearing) prepared to indicate for the Court, the full extent of Willie

Garrett's involvement in the conspiracy. Henry testified that he and the Garrett brothers had been involved in a cocaine distribution conspiracy. He also testified that throughout the conspiracy, he had delivered small amounts of cocaine and cocaine base to the Garrett brothers on several occasions and that Willie Garrett had obtained approximately five and one half ounces of cocaine base during the course of that conspiracy. At the conclusion of the hearing the Court sentenced Garrett to two concurrent terms of 360 months incarceration.

On appeal, Garrett argues that upon his objection to the drug quantity attributed to him in the PSR, the District Court failed to make specific factual findings regarding the quantity of drugs the Court found properly attributable to Garrett for sentencing purposes as required by Rule 32(c)(1). We review the District Court's determination of the amount of drugs attributable to the defendant for clear error. United States v. Flores, 73 F.3d 826, 833 (8th Cir.), *cert. denied*, 116 S.Ct. 2568 (1996).

Under Rule 32(c)(1), when a party objects to matters contained in the PSR, "the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R. Crim. P. 32(c)(1). The government must prove at sentencing the type and quantity of drugs attributable to a defendant by a preponderance of the evidence. United States v. Randolph, 101 F.3d 607, 608 (8th Cir. 1996). If a defendant objects to the PSR's drug quantity recommendation, the sentencing court must make a specific finding "on the basis of evidence, and not the pre-sentence report." United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994). In this regard, the court may rely on evidence presented at trial, United States v. Simpkins, 953 F.2d 443, 445 (8th Cir. 1992), and the court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections at the sentencing

hearing. Fed. R. Crim. P. 32(c)(1). The sentencing court may consider any relevant information, provided the information has sufficient indicia of reliability to support its probable accuracy. <u>United States v. Fetlow</u>, 21 F.3d 243, 248 (8th Cir. 1994). In determining whether the findings of the sentencing court are sufficient to satisfy Rule 32, we consider whether the findings allow for meaningful appellate review. <u>Id</u>.; <u>Randolph</u>, 101 F.3d at 609.

We are satisfied the evidence presented at the sentencing hearing had sufficient indicia of reliability inasmuch as Henry testified under oath and was subjected to extensive cross-examination. Moreover, the issues of Henry's credibility and the weight of the evidence are issues for the sentencing judge and are entitled to particularly great deference. <u>United States v. Funk</u>, 985 F.2d 391, 394 (8th Cir. 1993). Although the District Court did not make express findings relative to the amount of drugs attributable to Garrett at the hearing, it is clear that it implicitly credited Henry's quantity testimony for sentencing purposes and resolved the disputed issue against Garrett. *See* <u>United States v. Dortch</u>, 923 F.2d 629 (8th Cir. 1991); *and* <u>United States v. Edwards</u>, 994 F.2d 417 (8th Cir. 1993). Through the testimony of Henry, the government established that Garrett obtained over five ounces of cocaine base from Henry. The sentence imposed by the Court is consistent with that testimony.

We have carefully reviewed the record of the sentencing hearing and conclude the District Court committed no clear error. Affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-