# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2264

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Jason Meilieure Garrett, Also | * | of Minnesota. |
| Known as Ejay Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 1998

Filed: November 17, 1998

_____

Before BOWMAN, Chief Judge, and RICHARD S. ARNOLD and MORRIS
   SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jason Garrett pleaded guilty to possession of more than 30 grams of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); see also 21 U.S.C. § 841(b)(1)(B)(iii). The district court sentenced him to imprisonment for ten years and one month and to five years of supervised release. On appeal, Mr. Garrett argues that the district court erred in assessing a firearm enhancement against him and in determining the drug quantity relevant to sentencing. We affirm the district court's

assessment of the firearm enhancement, but remand for further proceedings on the quantity determination.

We conclude that the district court did not err in determining that a firearm enhancement was proper. When police officers arrested Mr. Garrett at an apartment where he was staying, they found a firearm tucked in a couch where Mr. Garrett had been sleeping, and found an ammunition clip as well as cocaine base on Mr. Garrett's person. Mr. Garrett pleaded guilty to possessing cocaine base with intent to distribute, and he admitted that he possessed the firearm. See U.S.S.G. § 2D1.1(b)(1) (providing for two-level increase in defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed") and application note 3 (explaining that enhancement applies if weapon was present and it is not "clearly improbable that the weapon was connected with the offense"); see also United States v. McCracken, 110 F.3d 535, 541-42 (8th Cir. 1997) (affirming application of enhancement where drugs and firearms were found in defendants' residence).

We believe, however, that the district court erred in determining the amount of cocaine base attributable to Mr. Garrett. When the police officers arrested Mr. Garrett, they found 2.5 grams of cocaine base on a coffee table and 33 grams of cocaine base on his person. When the presentence report (PSR) attributed the sum of these two amounts of cocaine base to Mr. Garrett for sentencing purposes, he objected to the inclusion of the cocaine base found on the table. He stated, although somewhat obliquely, that the other occupants of the apartment were also drug dealers and that the 2.5 grams belonged to one of them. Since the PSR (or, rather, an addendum to it) stated that Mr. Garrett was the only person in the apartment dealing drugs, and since the district court attributed the disputed 2.5 grams to Mr. Garrett based on "all of the evidence contained in the [PSR]," it appears that the district court may have decided that the 2.5 grams were Mr. Garrett's based partly on a controverted fact, namely, that Mr. Garrett was the only drug dealer occupying the apartment.

We have held repeatedly that a district court may not rely on facts contained in a PSR in sentencing a defendant if the defendant contests those facts. See, e.g., United States v. Randolph, 101 F.3d 607, 608-09 (8th Cir. 1996). It is true that the PSR contained uncontested facts that could have formed a sufficient basis for concluding that Mr. Garrett owned the 2.5 grams. But since the district court relied on "all of the evidence" in the PSR in sentencing Mr. Garrett, we cannot tell whether it would have come to the same conclusion had it not believed that Mr. Garrett was the only drug dealer in the apartment. That being the case, the sentence cannot stand. Cf. Williams v. United States, 503 U.S. 193, 202-03, 206 (1992), and United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994).

We note that under the applicable local rules, the United States was obligated to move for a hearing if it wanted the district court to rely on its version of contested facts in sentencing Mr. Garrett. See Local Rule 83.10(f) (D. Minn.). Having failed to do so, the government has forfeited the right to present evidence on the matter. We direct the district court, therefore, to resentence Mr. Garrett based only on such facts as the present record, including the PSR, reveals are uncontested by the parties.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-