# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-1296WM, 99-1692WM

_____

| | | |
|---|---|---|
| Willie L. Garrett, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 19, 1999

Filed: November 29, 1999

_____

Before RICHARD S. ARNOLD, WELLFORD,[1] and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Willie L. Garrett filed a motion in the District Court[2] under 28 U.S.C. § 2255 to set aside his conviction on drug-related charges. See <u>United States v. Garrett</u>, 108 F.3d

---

[1]The Hon. Harry W. Wellford, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[2]The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

1382 (8th Cir. 1997). The District Court denied relief, and Garrett appeals. The appeal is untimely. We therefore lack jurisdiction and must dismiss the appeal.

The District Court entered judgment on November 2, 1998. Both of petitioner's notices of appeal (he filed two, for reasons that are not clear to us) were untimely, that is, beyond the sixty-day period allowed for civil actions to which the United States is a party, unless the time for appeal was extended by a timely motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. Such motions suspend the finality of the judgment and cause the time for filing an appeal to begin to run anew from the date of the disposition of the motion. In this case petitioner's Rule 59(e) motion was not filed until November 27, 1998. Rule 59(e) provides as follows:

> Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

The motion therefore appears, at least on its face, to have been untimely.

Mr. Garrett, who is now represented by appointed counsel,[3] makes two arguments in support of his position that his Rule 59(e) motion was indeed filed on time. First, he notes that the District Court considered the substance of the motion and denied it on the merits, not because it was untimely. Accordingly, it is said, we cannot consider the timeliness of the motion. The issue is concluded by the District Court's action, and this Court is restricted to considering the merits. We reject this argument. As we explained in Sanders v. Clemco Industries, 862 F.2d 161, 168 (8th Cir. 1988), a district court has no jurisdiction over an untimely Rule 59(e) motion. "[A]ny ruling upon it becomes a nullity." Ibid. Moreover, the question involves the subject-matter jurisdiction of this Court. Absent a timely notice of appeal (which, in this case,

_____

[3]Petitioner appeared pro se in the District Court.

depends on the timeliness of the Rule 59(e) motion), we have no jurisdiction. The District Court's approach to the Rule 59(e) motion cannot alter or affect this fact.

Petitioner also points out that he was an inmate at the time of the entry of the judgment, and also at the time of the filing of the Rule 59(e) motion and the notices of appeal. He says he did not receive the judgment of the District Court until November 13, 1999, which was already eleven days after the entry of judgment. He mailed the motion under Rule 59(e) on November 23, 1999, ten days after receipt of the judgment. These facts, which we accept as true, are all irrelevant. The time for the filing of a Rule 59(e) motion runs from the date of the judgment, not from the date of the losing party's receipt of the judgment. The potential harshness of this rule can be ameliorated in cases where notice of entry of the judgment was delayed for twenty-one days or more, see Fed. R. App. P. 4(a)(6)(B), but that did not occur here. Petitioner is entitled to the benefit of the "mailbox rule," under which his motion is deemed filed on the day it is delivered to prison authorities for mailing. See United States v. Duke, 50 F.3d 571, 575 (8th Cir.), cert. denied, 516 U.S. 885 (1995). In order to take advantage of this indulgence, however, Mr. Garrett would have had to deposit his motion with prison authorities for mailing on or before November 16, 1998 (ten days from the entry of judgment on November 2, but with intermediate Saturdays and Sundays not included, see Fed. R. Civ. P. 6(a)). This he did not do.

For these reasons, we hold that we have no jurisdiction of the appeal, and therefore no authority to consider petitioner's arguments on their merits. The appeal is

Dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.