# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1396NE, 01-1397NE

_____

|  |  |  |
|---|---|---|
| _____ | * | |
|  | * | |
| No. 01-1396NE | * | |
| _____ | * | |
|  | * | |
| United States of America, | * | |
|  | * | |
| Appellee, | * | |
|  | * | |
| v. | * | |
|  | * | |
| Guillermo Franco-Martinez, | * | |
| also known as Jorge Ramirez, | * | On Appeal from the United |
|  | * | States District Court |
| Appellant. | * | for the District of |
|  | * | Nebraska. |
|  | * | |
| _____ | * | [To Be Published] |
|  | * | |
| No. 01-1397NE | * | |
| _____ | * | |
|  | * | |
| United States of America, | * | |
|  | * | |
| Appellee, | * | |
|  | * | |
| v. | * | |
|  | * | |
| Saul Cirrillo-Davilla, | * | |
| also known as Raul, | * | |
|  | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2001

Filed: November 16, 2001
_____

Before BYE, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.
_____

PER CURIAM.

Two related appeals are before us. Guillermo Franco-Martinez pleaded guilty, under a written plea agreement, to conspiracy to distribute methamphetamine. He was sentenced to seven years and three months (87 months) in prison. Saul Cirrillo-Davilla, a co-defendant, was also convicted on a plea of guilty. He was sentenced to five years and ten months (70 months) in prison. Both defendants appeal, raising separate questions.

Under Mr. Franco-Martinez's plea agreement, the parties agreed to recommend that he "be held responsible for at least 500 grams but less than 1.5 kilograms of methamphetamine." The District Court[1] refused to accept this agreement and held an evidentiary hearing with respect to the appropriate weight to be charged against the defendant. After this hearing, the Court found that the defendant was responsible for a larger quantity. United States v. Cirrillo-Davilla, 124 F. Supp. 2d 1140 (D. Neb. 2001). We affirm. Under our cases, the Court was not bound by the stipulation, which, in any event, was phrased as a recommendation only. See United States v. Randolph, 101 F.3d 607 (8th Cir. 1996). The Court explained why it made a finding different from that requested by the parties, and it also gave the defendant a chance

_____

[1]The Hon. Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

to renounce the agreement and go to trial. The Court could have accepted the agreement, but the law did not require that it do so. We see no error.

In the companion appeal, Mr. Cirrillo-Davilla argues that the Court erred in denying him a two-level minor-role reduction under U.S.S.G. § 3B1.2. In making this decision, the District Court made no clearly erroneous findings of fact, nor did it commit any error of law. The District Court's opinion explains its findings in detail. We believe no more extended discussion is necessary.

Affirmed.

BRIGHT, Circuit Judge, concurring.

I concur in the opinion with regard to both appellants, but add this comment. The record indicates that the government and the defendant, Guillermo Franco-Martinez, arrived at a fair stipulation as to the amount of drugs for which Mr. Franco-Martinez should be held responsible. Under such circumstances and absent a showing that the stipulation is unreasonable in light of the evidence, the district judge should have accepted the stipulated amount without calling for a hearing.

Where the parties reach an arms-length plea agreement, based on a fair assessment of the available evidence as viewed by the prosecution, it ought to be accepted by the sentencing judge and the probation officer without the necessity of a further hearing.

A true copy.

       Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.