**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUL 1 2003**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCOS NATERA,

    Defendant - Appellant.

No. 02-2238
(D.C. No. CR-00-1424 JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

    Defendant-Appellant Marcos Natera appeals from the sentence imposed

based upon his conviction by a jury of (1) conspiracy to possess with intent to

distribute 50 grams or more of methamphetamine, 100 kilograms or more of

marijuana and less than 500 grams of cocaine, 21 U.S.C. § 846, and (2)

knowingly or intentionally making a building or enclosure available for the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

unlawful manufacture of a controlled substance within 1000 feet of a school, 21 U.S.C. § 860(a). I R. Doc. 319 (verdict and special verdict for Defendant Marcos Natera). He was sentenced to 360 months of imprisonment and ten years supervised release on each count, to run concurrently. I R. Docs. 364, 373. On appeal, he contends that the district court erred by failing to comply with Fed. R. Crim. P. 32(c)(1). Rule 32(c)(1) and U.S.S.G. § 6A1.3(b) require a district court at the sentencing hearing to rule on unresolved objections to the presentence report ("PSR"), and "[f]or each matter controverted . . . make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R. Crim. P. 32(c)(1). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of compliance with Fed. R. Crim. P. 32(c)(1) and U.S.S.G. § 6A1.3(b) is de novo. United States v. Houston, 217 F.3d 1204, 1206 (9th Cir. 2000). We remand for compliance with the rule.[1] Mr.

---

[1] The rule currently provides:

**Court Determinations.** At sentencing, the court:
. . .

(B) must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . .

Fed. R. Crim. P. 32(i)(3)(B). See United States v. Treadway, 328 F.3d 878, 885

Natera's ineffective assistance of counsel claim is premature and should be dismissed.  See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995); see also Massaro v. United States, 123 S. Ct. 1690, 1695 (2003) (ineffective assistance of counsel claims not raised on direct appeal are not waived in subsequent § 2255 proceeding).

Mr. Natera filed eleven objections to the PSR. I R. Doc. 354.  The government responded, and the probation office submitted an addendum to the PSR addressing some of the objections.  I R. Doc. 357, IV R. (PSR), Addendum.  At sentencing, the following colloquy occurred concerning Mr. Natera's objections:

> THE COURT:  All right.  Is there anything in the presentence report you specifically wish to call to my attention.
>
> COUNSEL:  We have filed an objection to the presentence report.  Nothing in addition, Your Honor.
>
> THE COURT:  I'm going to overrule your objections.  I find what Probation says is correct.

VIII R. at 2.  The court then adopted the presentence report findings and guidelines applications.  Id. at 3.

As noted, Mr. Natera filed several objections to the PSR, including that (1) the use of the expression "net grams of methamphetamine" was ambiguous and

_____

n.3 (6th Cir. 2003) (discussing change).

- 3 -

over-inclusive, (2) Mr. Henry, a co-defendant, testified that he may have paid Mr. Natera money for rent, rather than drugs, (3) Mr. Henry was incapable of manufacturing one pound of methamphetamine because he was only present for two months, (4) it was inappropriate to use the otherwise applicable guideline instructions to determine the offense level in the PSR because the jury returned a special verdict as to quantity of drugs, (5) certain amounts of narcotics imputed to the defendant in the PSR were never established at trial, (6) it was inappropriate to attribute more than 50 kilograms of marijuana to Mr. Natera because a special verdict found that he was involved in the conspiracy only to the extent of less than 50 kilograms, (7) the amount of cocaine contended was "completely out of proportion" to the amount designated at trial, and there is no "readily ascertainable source" for the amount specified in the PSR, (8) there was no evidence that Mr. Natera was a "manager" or "supervisor," (9) the criminal history category calculation utilized is "out of all proportion," (10) there was no testimony that Mr. Natera was involved in the conspiracy during his probation, and (11) any recommendation of a fine contained in the PSR is inappropriate. I R. Doc. 354. Objections numbered 2, 3, 5, and 8 are adequate to raise a factual dispute and require a finding by the district court or a statement that the matter was not considered in imposing sentence. However, we agree with the government as to the remainder of the objections–they constitute challenges to the

application of the guidelines, challenges to the current convictions, or semantic challenges that do not invoke the fact-finding procedure. See United States v. Brown, 314 F.3d 1216, 1226-27 (10th Cir. 2003); United States v. Windle, 74 F.3d 997, 1002 (10th Cir. 1996).

The government also argues that a remand is only required where a defendant raises an objection at the hearing and then requests an evidentiary hearing. But Mr. Natera did raise his objections to the PSR at the hearing–when the court inquired, Mr. Natera relied upon those submitted in writing. See United States v. Romero, 122 F.3d 1334, 1344 (10th Cir. 1997) (relying upon written submission of objections). It then became the duty of the district court to comply with the rule. See Brown, 314 F.3d at 1225-26; Romero, 122 F.3d at 1344; United States v. Henning, 77 F.3d 346, 349 (10th Cir. 1996). We remand for the district court to make the necessary findings and attach them to the PSR or state that it did not take the factually controverted matters into consideration.

REMANDED. The ineffective assistance claim is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge