# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2138

_____

| | | |
|---|---|---|
| Dallas Ray Delay, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jay Nixon; Denis Agniel; Cranston | * | Western District of Missouri. |
| Mitchell; Dick Moore; Donna Coleman; | * | |
| Bob Holden; Stephen N. Limbaugh, Jr.; | * | |
| Gary Kempker; Dora Schriro; Don W. | * | [UNPUBLISHED] |
| Kennedy; Lorry K. Kelly; Michael | * | |
| Groose; Terrence Lord, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 7, 2003
Filed: August 22, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Dallas Ray Delay appeals from the district court's[1] dismissal of his civil action and denial of his Federal Rule of Civil Procedure 59(e) motion. The district court entered its judgment dismissing the complaint on November 25,

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2002. Delay's Rule 59(e) motion was filed on December 23 and denied on March 27. Delay filed a notice of appeal on April 4.

Because the postjudgment motion was not filed within ten days of entry of judgment, even giving Delay the benefit of the date on his motion, see Fed. R. App. P. 4(c); Fed. R. Civ. P. 6(a), it did not toll the time for appeal from the underlying judgment, see Fed. R. App. P. 4(a)(4)(A). The notice of appeal was therefore filed more than thirty days after entry of judgment and we lack jurisdiction to consider the court's order dismissing Delay's complaint. See Fed. R. App. P. 4(a). The postjudgment motion also was untimely under Rule 59(e), see Fed. R. Civ. P. 59, and thus the district court's ruling on it was a nullity, see Garrett v. United States, 195 F.3d 1032, 1033 (8th Cir. 1999), and we lack jurisdiction to review that ruling as well, see Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001).

Accordingly, we dismiss the appeal for lack of jurisdiction. See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.