# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2953

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Ronald Laney, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 23, 2008
Filed: February 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Ronald Laney pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following preparation of a presentence report (PSR), Laney objected to the calculation of his base offense level, asserting that he possessed the firearm solely for lawful sporting purposes. *See* U.S.S.G. § 2K2.1(b)(2) (if defendant possessed all ammunition and firearms solely for lawful sporting purposes, and did not unlawfully discharge or otherwise unlawfully use such ammunition or firearms, decrease offense level to 6). The district court did not apply section 2K2.1(b)(2), and sentenced Laney to 15 months in prison, followed by 2 years of supervised release. On appeal, Laney argues that the district court erred because it found that the firearm was used solely for

hunting purposes, but nevertheless failed to decrease his offense level. In response, the government seeks to enforce an appeal waiver contained in the plea agreement. Alternatively, the government argues that the district court did not find the gun was used solely for hunting purposes, and that the court's refusal to grant the reduction was within its discretion.

We decline to address the enforceability of the appeal waiver because the transcript of the change-of-plea hearing was not made a part of the record on appeal. *See* Fed. R. Crim. P. 11(b)(1)(N) (before accepting plea of guilty, court must determine that defendant understands terms of any plea agreement provision waiving right to appeal); *United States v. Mink*, 476 F.3d 558, 562 (8th Cir. 2007) (government bears burden of proving that defendant's appeal is barred by waiver).

Upon careful review of the record, we conclude that the district court's relevant factual findings are insufficient, and we remand the case with instructions to the district court to clarify its findings as to whether the firearm was possessed solely for lawful sporting purposes and not discharged unlawfully or otherwise used unlawfully. *See* Fed. R. Crim. P. 32(i)(3)(B) (when defendant objects to portions of PSR district court must rule on dispute or find that ruling is unnecessary); *United States v. Vinton*, 429 F.3d 811, 817 (8th Cir. 2005) (if there are objections to PSR, district court must make findings of fact and rule on those objections); *cf. United States v. Randolph*, 101 F.3d 607, 608-09 (8th Cir. 1996) (reversing and remanding for resentencing when district court failed to explain how it determined disputed drug quantity).

We vacate Laney's sentence and remand for resentencing in accordance with this opinion.

_____