# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3816

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Minnesota.
Susan R. Theimer,　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　*

_____

Submitted:  November 10, 2008
Filed:  March 2, 2009

_____

Before WOLLMAN, BEAM and BENTON, Circuit Judges.

_____

BENTON,  Circuit Judge.

Following a bench trial, the district court[1] found Susan Renae Theimer, a bank officer, guilty of fourteen counts of a fifteen-count indictment for conspiracy, forged securities, embezzlement, and mail fraud.  She was sentenced to 42 months imprisonment on each count, to run concurrently.  She appeals the sentence.  Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court affirms.

I.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Between 2000 and 2004, while vice-president of private banking at Alliance Bank, Theimer and her supervisor devised a scheme to increase their compensation. Theimer formed an entity known as A.F. Resources, opening an account under that name at another bank. She and her supervisor diverted funds to this account by various methods. Deposits were made to the account by directing customers to issue checks payable to A.F. Resources (or similar names), or transforming payments made to Alliance Bank into checks payable to A.F. Resources. The total amount of funds diverted was $266,542.16. Additionally, Theimer and her supervisor cashed checks payable to Alliance for loan fees. They also paid personal credit-card balances with embezzled funds.

The district court determined Theimer was responsible for a total loss amount of $403,857.44, which included: $266,542.16 of diverted income; $127,805.17 in checks transformed to cash; and $ 9,510.11 for personal credit-card expenses. She hired an expert CPA to analyze the judge's Memorandum and Verdict. The expert did not contest the total amount of diverted income. Examining the verdict, the expert asserted that Theimer was responsible for a loss of only $164,049.42, because $102,049.74 of the $266,542.16 diverted income was deposited in her co-conspirator's account. Deducting the $102,049.74, the expert concluded that the total loss amount for which Theimer was responsible is $301,579.07. Therefore, Theimer maintains the loss amount should be below $400,000.00, which would reduce her total offense level by two points.

Theimer objected to four parts of the Presentence Report (PSR): loss amount, acceptance of responsibility, minor role, and abuse of position of trust. In the subsequent sentencing memorandum, the judge overruled all of Theimer's objections to the PSR. She pursues two issues on appeal. She alleges that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to make sufficient findings on her PSR objections, and that the loss calculation is inaccurate.

II.

Compliance with rules of criminal procedure is reviewed de novo. ***United States v. Davies***, 380 F.3d 329, 332 (8th Cir. 2004).

Theimer alleges the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to make sufficient findings about the loss amount at sentencing. Rule 32(i)(3)(B) requires a ruling on any disputed portion of a PSR, or a determination that a ruling is unnecessary because the matter will not affect sentencing or the court will not consider it in sentencing. If a defendant disputes material facts in the PSR, the court must "refuse to take those facts into account, or hold an evidentiary hearing." ***United States v. Morehead***, 375 F.3d 677, 679 (8th Cir. 2004). In general, a PSR may "lack the indicia of reliability and trustworthiness required by the preponderance-of-the-evidence standard." ***Id.*** However, *Morehead* involved a PSR following a guilty plea – as opposed to the PSR in this case, which followed a finding of guilt after a bench trial (before the same judge). Here, the judge had heard all the evidence and issued a written decision regarding the amount of and responsibility for the loss. The PSR adopted and relied on the judge's determination of loss.

Relying on a Tenth Circuit case, Theimer requests a remand alleging a factual dispute. *See **United States v. Natera***, No. 02-2238, 2003 WL 21500343 (10th Cir. July 1, 2003) (unpublished). There were eleven objections to the PSR in *Natera.* The *Natera* district court overruled all objections at one time, relying solely on Probation's statement in the PSR. The appellate court remanded for findings of fact on the four objections that adequately raised a factual dispute.

The government argues that the dispute is not factual but legal. Theimer's expert did not challenge that the total amount of the diverted income is $266,542.16.

The expert only disputed attributing the total diverted amount to Theimer because her co-conspirator received $102,493.74 of it. Determining that this total loss amount is attributable to Theimer is a legal question, which the judge resolved at trial. He found she diverted funds to her Alliance Bank accounts: "Defendant deposited into her A.F. Resources account $266,542.16 in fees from Koch Financial and Alliance Bank customers." In an accompanying footnote, he explained that Theimer objected to $102,493.74 of the total because she had disbursed this amount to her co-conspirator. However, the judge did not absolve her for any of the diverted income even though she did not ultimately receive all of it. The judge did accept Theimer's arguments about other amounts of loss, stating that the government had not met its burden of proof. Clearly, the judge was aware of the facts and Theimer's legal arguments concerning the diverted income from both the trial and the PSR objections. The judge adopted the PSR, demonstrating that it was in accord with his verdict.

Findings of a sentencing court are sufficient if they allow meaningful appellate review. *United States v. Davis*, 471 F.3d 938, 950 (8th Cir. 2006). The district court may rely on the evidence at trial to resolve sentencing disputes. *United States v. Randolph*, 101 F.3d 607, 609 (8th Cir. 1996). The sentencing court made its findings with respect to the disputed amount based on the evidence at trial, not on the PSR. *See United States v. Greene*, 41 F.3d 383, 386 (8th Cir. 1994) (per curiam). The district court complied with Rule 32(i)(3)(B) in this case.

### III.

A district court's factual findings are reviewed for clear error. *United States v. Ruiz*, 446 F.3d 762, 773 (8th Cir. 2006); *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005). A district court's determination of total loss is reviewed for clear error and will be affirmed unless it is not supported by substantial evidence, was based on an erroneous view of the law, or the appellate court has a firm conviction

that there was a mistake after reviewing the entire record. ***United States v. Fazio***, 487 F.3d 646, 657-58 (8th Cir. 2007).

Theimer contends that the district court committed clear error by determining that the loss amount attributable to her was $403,857.44. She relies on her expert CPA's analysis. However, when calculating loss amounts, district judges are "in a unique position to assess evidence and estimate the loss based upon that evidence." ***United States v. Erhart***, 415 F.3d 965, 970 (8th Cir. 2005). *See also* **U.S.S.G. § 2B1.1, commentary (note 3(C))**. Based on the evidence at trial, the district court resolved the factual disputes, and did not commit clear error in determining the loss attributable to Theimer.

IV.

The judgment is affirmed.

_____