# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2062

_____

United States of America

*Plaintiff - Appellee*

v.

Raul Tovar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: February 14, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Raul Tovar for participating in a drug conspiracy. At the close of evidence during Tovar's trial, the district court[1] inadvertently omitted a jury

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

instruction during its final instructions to the parties and the jury. Following closing arguments but before jury deliberations, the court discovered the omission and read the missing instruction to the jury. Tovar moved for a new trial, alleging that the additional jury instruction was impermissibly and improvidently given. The district court denied the motion concluding that even if the instruction was given in error, Tovar suffered no actual prejudice. Tovar appeals, alleging that the district court violated Federal Rule of Criminal Procedure 30(b). We find no error and affirm.

## I. *Background*

In March 2012, Tovar was indicted with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was also charged as an aider and abetter under 18 U.S.C. § 2.

On January 15, 2013, the district court conducted a final pretrial conference. At that conference, the court and the parties reviewed the preliminary jury instructions, including instruction P-13, which stated in part, "The Government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally possessed with intent to distribute or distributed by the Defendant." The preliminary instructions did not include any instruction concerning aiding and abetting. Neither party objected to the preliminary instructions.

The trial began the same day. The indictment was read to the jury pool. After voir dire and impaneling of the jury, the court read the preliminary instructions, including Instruction P-13, to the jury. On January 18, 2013, the parties received the proposed final jury instructions. The final instructions did not include an aiding and abetting instruction. On January 22, 2013, the jury was reconvened after a holiday weekend. The court advised the jury that the preliminary instructions remained in effect and read the final instructions. Neither party objected to the closing instructions, nor did they propose any additional instructions.

After closing arguments, the court called for a sidebar and explained to the parties that it had not instructed the jury on aiding and abetting. Over defense counsel's objection, the court read the aiding and abetting instruction ("Instruction F-9") to the jury. The court offered both parties the opportunity to make additional arguments in light of the additional instruction—both parties declined. After deliberation, the jury found Tovar guilty of both conspiracy and aiding and abetting.

Tovar moved for a new trial under Federal Rule of Criminal Procedure 33, alleging that Instruction F-9 was impermissibly or improvidently given. Counsel averred that he devoted his preparation for closing argument to Instruction P-13 and its actual possession element and was therefore prejudiced by the late addition of the aiding and abetting instruction, which contains no such possession element.

The district court denied Tovar's motion. The court found that by the terms of Federal Rule of Criminal Procedure 30, the court may instruct the jury before or after closing arguments, or at both times. The court noted that both parties were given the opportunity to present additional arguments after the additional instruction and that both parties declined. Tovar's indictment put him on notice that he could be convicted as an aider and abetter. The court further concluded that even if the instruction had been given in error, Tovar could not demonstrate that he suffered actual prejudice—the jury returned a guilty verdict on the conspiracy charge itself, meaning that even if the distinct, alternative aiding and abetting conviction were vacated, Tovar's conviction would still stand.

## II. *Discussion*

Tovar argues on appeal that the district court violated Federal Rule of Criminal Procedure 30(b) by erroneously adding a jury instruction after closing arguments. He contends that this error prejudiced counsel in preparation of closing arguments, and that the error "could not have been cured by further argument." Tovar contends that counsel prepared for closing arguments on the basis of the instructions as provided

on January 18, 2013, and "premised half of his argument" on the government's burden to prove Tovar actually possessed some of the drugs as part of the conspiracy. He avers that the introduction Instruction F-9 undermined his credibility with the jury such that no additional argument would have cured the error. Tovar also contends that the government waived the omission of Instruction F-9 by failing to object to the omission before closing arguments.

"Compliance with rules of criminal procedure is reviewed de novo." *United States v. Theimer*, 557 F.3d 576, 577 (8th Cir. 2009) (citing *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004). "[A] violation of [Federal] Rule [of Criminal Procedure] 30 is not reversible error unless the complaining defendant is prejudiced by the error." *United States v. Pemberton*, 121 F.3d 1157, 1167 (8th Cir. 1997). "For this purpose, a defendant is prejudiced if he is unfairly prevented from arguing his defense to the jury or is substantially misled in formulating his arguments." *Id*. at 1168 (quotation, alteration, and citation omitted).

Rule 30 governs the delivery of jury instructions. Rule 30 provides:

(a) In General. Any party may request in writing that the court instruct the jury on the law as specified in the request. The request must be made at the close of the evidence or at any earlier time that the court reasonably sets. When the request is made, the requesting party must furnish a copy to every other party.

(b) Ruling on a Request. The court must inform the parties before closing arguments how it intends to rule on the requested instructions.

(c) Time for Giving Instructions. The court may instruct the jury before or after the arguments are completed, or at both times.

(d) Objections to Instructions. A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection

-4-

before the jury retires to deliberate. An opportunity must be given to object out of the jury's hearing and, on request, out of the jury's presence. Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).

Tovar's argument that giving the belated instruction violated paragraph (b) fails. Paragraph (b) is inapplicable here. By its own terms, paragraph (b) applies to "requested instructions"—that is, instructions requested pursuant to paragraph (a). Neither party *requested* Instruction F-9; as a result, the court did not fail to inform the parties of how it intended to rule on the "requested instructions" with respect to Instruction F-9, and therefore did not violate Rule 30(b).

Rule 30(c), added after the 1987 amendments to the Rules, permits the court to instruct the jury before or after closing arguments, or at both times. The Advisory Committee notes to that amendment state "the amendment plainly indicates that the court may instruct both before and after arguments, which assures that the court retains power to remedy omissions in pre-argument instructions or to add instructions necessitated by the arguments." The Advisory Committee Note reveals that Rule 30(c) exists to remedy the precise problem that faced the district court here: the inadvertent omission of a jury instruction that the court had intended give. Rather than violate Rule 30, the district court used the Rule for its intended purpose. This is not error, much less reversible error.

Because we hold that the district court did not err in giving an additional instruction to the jury after closing arguments, we need not address Tovar's remaining arguments.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

---

-5-