# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3765

_____

United States of America

*Plaintiff - Appellee*

v.

Marcela Vega-Martinez, also known as Marcela Hernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: November 12, 2018
Filed: February 1, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Appellant Marcela Vega-Martinez pled guilty to one count of unlawful use of identification documents, in violation of 18 U.S.C. § 1546(a). The district court[1]

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentenced her to a time-served sentence of 111 days imprisonment and three years of supervised release. Vega-Martinez appeals her sentence, asserting that the district court violated her due-process rights when it did not strike alleged unproven and uncharged criminal conduct from the Presentence Investigation Report (PSR). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In July 2017, Vega-Martinez, a native and citizen of Mexico and illegally in the United States, used a fraudulent permanent resident card and social security number to complete an Immigration Form I-9 in order to obtain employment with a business in Iowa. Vega-Martinez was subsequently charged with one count of unlawful use of identification documents and entered a guilty plea. After Vega-Martinez pled guilty, the United State Probation Office prepared a PSR. The PSR included a paragraph detailing the execution of a search warrant on Vega-Martinez's residence and listing the items seized during the search, namely counterfeit immigration documents, social security cards, and a substance that tested positive for the presence of marijuana. Vega-Martinez objected to the inclusion of this paragraph and requested that it be stricken from the final PSR because it involved "uncharged and unproven criminal conduct by [Vega-Martinez] in violation of her right to due process of law." Vega-Martinez similarly objected to the inclusion of a separate paragraph in the PSR that stated that Vega-Martinez had previously used fraudulent documents to obtain employment at another Iowa business.

In the final PSR, the Probation Office noted Vega-Martinez's objections but stated that the district court did not need to resolve them before sentencing because they had no impact on the calculation of Vega-Martinez's Sentencing Guidelines range. At sentencing, the district court stated that it was not considering the objected-to portions of the PSR. The district court imposed a time-served sentence of 111 days imprisonment and ordered that Vega-Martinez serve a three-year term of supervised release. One of the conditions of Vega-Martinez's supervised release specified that,

if she were removed or deported, she could not reenter the United States without permission, but would not be on active supervision while outside the country.

Vega-Martinez appeals, arguing that the district court's refusal to strike portions of the PSR violated her due-process rights based on the prejudicial impact that the inclusion of these paragraphs could have on possible removal proceedings. "We review constitutional challenges to a sentence de novo." United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009) (quoting United States v. Bradford, 499 F.3d 910, 919 (8th Cir. 2007)); see also United States v. Theimer, 557 F.3d 576, 577 (8th Cir. 2009) ("Compliance with rules of criminal procedure is reviewed de novo.").

Under Rule 32 of the Federal Rules of Criminal Procedure, the district court "must [] for any disputed portion of the presentence report . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ." The district court did not rely on the objected-to paragraphs in sentencing Vega-Martinez; it explicitly stated that it would not consider the challenged paragraphs because they did not affect the overall sentencing recommendation. The sentencing transcript reflects that the district court was faithful to this statement. The district court complied with Rule 32 and committed no error by not striking the challenged paragraphs of the PSR. See, e.g., United States v. Beatty, 9 F.3d 686, 689 (8th Cir. 1993) ("[Fed. R. Crim. P. 32] does not require that the objected-to material be stricken."). Because the district court complied with the applicable rule that does not require objected-to portions of a PSR be stricken, we find no merit to Vega-Martinez's claim that the district court's failure to strike the challenged paragraphs violated her due-process rights. See United States v. Hopkins, 824 F.3d 726, 735 (8th Cir. 2016) (holding due process does not require the district court to do more than comply with Fed. R. Crim. P. 32, even where defendant argues collateral consequences of inclusion of objected-to information).

Accordingly, we affirm Vega-Martinez's sentence.

_____