# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2957

_____

United States of America,  \*

              Appellee,  \*

                      \*   Appeal from the United States

    v.  \*   District Court for the

                      \*   Northern District of Iowa.

Maurice Morehead,  \*

              Appellant.  \*

_____

Submitted: March 8, 2004
Filed: July 12, 2004

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Maurice Morehead appeals his sentence, arguing that the district court erred in relying on contested portions of his presentence investigation report ("PSR") to deny him a minor-role adjustment to his sentence. We reverse and remand for resentencing.

## I. *Background*

Prior to trial, Morehead pleaded guilty to possession with intent to distribute at least twenty-six grams of cocaine base. In describing Morehead's involvement, the magistrate judge found that Morehead facilitated sales of crack cocaine. He took

orders, procured the cocaine base, and then delivered it to the people requesting the drug.

The probation office issued the PSR, and Morehead objected to paragraphs ten through fifteen, which set forth the offense conduct. The offense-conduct statement in the PSR contained information taken from the discovery file, the government's offense-conduct statement, and police records. Morehead did not submit an offense-conduct statement.

At sentencing, the district court noted that Morehead objected to the facts stated in the PSR. However, the court noted that Morehead agreed to the amount of cocaine base involved but "did not necessarily agree that he . . . possessed with intent to distribute on the specific days" noted in the discovery documents. After generally discussing the objections to the offense-conduct statement in the PSR, the district court stated:

> The Court has received and read the presentence investigation report as I noted. I went back over very carefully the plea colloquy between United States Magistrate Judge John Jarvey and the defendant, and I have gone through the file. Except for what I have observed in court, read in the file–or read in the transcript or the presentence investigation report, I have no other information concerning [Morehead].

The district court offered Morehead the opportunity to present additional evidence on the issue of his level of culpability, but Morehead declined. The district court then denied Morehead's request for a two-level minor-role reduction stating:

> Well, as I read the transcript and the Court's colloquy with [Morehead], I find there are admissions in there that indicate that not only did he take people to get crack, but he also went and got crack and delivered it when people asked him, and I don't think there is an adequate basis in the plea colloquy to establish that, by a preponderance of the evidence, that he

is a minor participant in the offense conduct under 3B1.2. And I include not only the charged conduct but the relevant conduct set forth in the Presentence Report. So the Court declines to give a role reduction adjustment.

The district court set Morehead's base offense level at 28, and subtracted two levels for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1. However, the district court denied Morehead's request for a two-level minor-role adjustment under U.S.S.G. § 3B1.2. Morehead's final adjusted offense level was 26, criminal history category VI, with a sentencing range of 120 to 150 months' imprisonment. The court sentenced Morehead to 120 months' imprisonment, a four-year term of supervised release, restitution of $150, and a mandatory special assessment of $100.

## II. *Analysis*

In Morehead's challenge to the district court's denial of a minor-role reduction, he argues that the district court improperly relied on the PSR to deny the adjustment. Morehead objected to the offense conduct detailed in the PSR and consequently now avers that the disputed PSR cannot provide the factual basis for the district court's denial.[1] We agree. Because the district court apparently improperly referred to the contested portions of the PSR for sentencing, we reverse and remand for resentencing.

We review the district court's determination of the facts relevant to a role reduction for clear error. *United States v. Alverez*, 235 F.3d 1086, 1090 (8th Cir. 2000). We review the district court's grant or denial of a role reduction for an abuse of discretion. *United States v. Snoddy*, 139 F.3d 1224, 1227 (8th Cir. 1998).

---

[1] Morehead also argues that the evidence supports his entitlement to a minor-role reduction. However, because we reverse and remand for resentencing on the first issue, we do not reach Morehead's second issue in this appeal.

When a defendant disputes material facts in his PSR, the sentencing court must either refuse to take those facts into account or hold an evidentiary hearing. *United States v. Delpit*, 94 F.3d 1134, 1154 (8th Cir. 1996). This rule reflects our concern that disputed statements in a PSR might lack the indicia of reliability and trustworthiness required by the preponderance-of-the-evidence standard. *Id.* "In making its finding, the district court is bound to do so on the basis of the evidence and not the presentence report because the presentence report is not evidence and not a legally sufficient basis for making findings on contested issues of fact." *United States v. Camacho*, 348 F.3d 696, 700 (8th Cir. 2003) (citing *United States v. Stapleton*, 268 F.3d 597, 598 (8th Cir. 2001)); *see United States v. Greene*, 41 F.3d 383, 386 (8th Cir. 1994) ("If the sentencing court chooses to make a finding with respect to the disputed facts, it must do so on the basis of evidence, and not the presentence report.").

As noted, the district court, in denying the reduction, stated:

Well, as I read the transcript and the Court's colloquy with [Morehead], I find there are admissions in there that indicate that not only did he take people to get crack, but he also went and got crack and delivered it when people asked him, and I don't think there is an adequate basis in the plea colloquy to establish that, by a preponderance of the evidence, that he is a minor participant in the offense conduct under 3B1.2. *And I include not only the charged conduct but the relevant conduct set forth in the Presentence Report.* So the Court declines to give a role reduction adjustment.

(Emphasis added.) The court apparently referenced the contested conduct in the PSR when it denied Morehead's request for a minor-role reduction, and we cannot discern the extent to which the court relied on the PSR during sentencing. As such, we cannot determine whether this reliance was harmless error. *United States v. Arrington*, 215

F.3d 855, 857 (8th Cir. 2000). Therefore, we reverse and remand for resentencing and direct the district court to not rely on disputed portions of the PSR for factual findings.

_____