# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2191
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Crystal Cochrane, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2010
Filed: June 28, 2010
_____

Before SMITH, COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.
_____

KORNMANN, District Judge.

Crystal Cochrane pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine. The presentence report calculated her total offense level as 13. Based on a total of five criminal history points, Cochrane was in criminal history category III. Under Guidelines § 4A1.1(c), however, only four criminal history points were assigned. At sentencing, Cochrane objected to two of her prior adult criminal convictions - a DWI conviction from 2008 and a theft of property

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

conviction from 1999. Both of these convictions were counted in determining Cochrane's criminal history.

The district court sustained Cochrane's objection to the DWI conviction but overruled her objection to the theft conviction. Consequently, Cochrane's criminal history category remained at III based on her four criminal history points. Her resulting guideline range was 18 - 24 months. As a result of Cochrane's cooperation, the government moved for a sentence reduction of 25%, which the district court granted. Cochrane was sentenced on May 11, 2009, to 15 months imprisonment. Cochrane appeals her sentence, alleging that the district court erred in overruling her objection to the theft conviction without hearing evidence on the objection.

We review the district court's application of Chapter Four to the facts for clear error. U.S. v. Jones, 87 F.3d 247, 248 (8th Cir. 1996). *See* also U.S. v. Lincoln, 408 F.3d 522, 525 (8th Cir. 2005) and U.S. v. Poor Bear, 359 F.3d 1038 (8th Cir. 2004). It is well-established that, "when a defendant disputes material facts in his PSR, the sentencing court must either refuse to take those facts into account or hold an evidentiary hearing." U.S. v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004). Moreover, "[i]f the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." Poor Bear at 1041.

At sentencing, the district court relied on a state court docket sheet detailing Cochrane's disputed theft conviction. However, the docket sheet was never offered or received as an exhibit at the sentence hearing.

At sentencing, the following dialogue occurred:

> The Court: All right. The defendant objects to paragraph 25 of the PSR contending there's no conviction, and the defendant contended the arrest was resolved with a bond forfeiture. I have reviewed the docket sheet. Do you want to make any points with respect to that docket sheet, either side?

> Defense counsel: Judge, other than that it's legally insufficient to prove a finding of guilt. I also have another one to bring up when the Court gets around to it.

> The Court: You have what?

> Defense counsel: I have another objection.

> The Court: All right. Well, I overrule your first objection, save your exception.

While on appeal, the government filed a motion with the district court, requesting that the docket sheet on which the court relied be made part of the record. Pursuant to Federal Rule of Appellate Procedure 10(e), the district court granted the motion. However, enlarging the record after sentence has been imposed does little for Cochrane who was entitled to question the form and substance of the docket sheet on which the district court was relying *prior* to being sentenced. The government should have sought to make the docket sheet part of the record during the sentencing hearing. It failed to do so.

On the record before us, the district court did not follow the requirements set forth in Poor Bear and Morehead. Although the district court addressed Cochrane's

objections at the sentencing hearing, the district court failed to put the burden on the government to prove Cochrane's disputed theft conviction, and the district court also failed to conduct an evidentiary hearing on the disputed theft conviction.

During oral argument before this panel, the government confessed error, acknowledging that it failed to meet its burden of proof by not moving to introduce the docket sheet as an exhibit.

We remand for further sentencing proceedings. The district court may exercise its discretion as to whether to allow the government to introduce the docket sheet as evidence. Cochrane, of course, is free to object to the docket sheet or debate its significance if it is offered as an exhibit at her sentence hearing.

For the foregoing reasons, we vacate Cochrane's sentence and remand for a sentence hearing consistent with this opinion.

_____