# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1470

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jeffery Scott Kuster, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: February 9, 2011

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Scott Kuster pled guilty to conspiracy to distribute at least 500 grams of a substance or mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. The district court[1] sentenced Kuster to 199 months' imprisonment. Kuster appeals, arguing that the district court erroneously relied on unproven conduct in determining his sentence. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Kuster's final presentence investigation report (PSR) stated that on January 29, 2009, Kuster absconded from the Fort Des Moines Residential Facility, where he had been living as a condition of his pretrial release. Kuster was arrested in Las Vegas, Nevada, on February 6, 2009, on a warrant issued after he allegedly absconded. Based on these facts, which were set forth in paragraphs 5 and 6 of the report, two subsequent paragraphs (numbered 22 and 23) proposed that Kuster's advisory sentencing guidelines range include a two-level upward adjustment for obstruction of justice under USSG § 3C1.1, and paragraph 33 proposed that Kuster be denied a downward adjustment for acceptance of responsibility under USSG § 3E1.1.

At sentencing, Kuster objected to paragraphs 22, 23, and 33 of the report. The government then declined to pursue the adjustment for obstruction of justice, and did not dispute that Kuster was entitled to a three-level reduction for acceptance of responsibility. The district court followed that course and determined Kuster's advisory guidelines sentencing range to be 235 to 293 months' imprisonment. The court then granted the government's motion to depart downward under the guidelines based on Kuster's substantial assistance, *see* USSG § 5K1.1, and after considering the factors set forth in 18 U.S.C. § 3553(a), sentenced Kuster to 199 months' imprisonment.

Kuster argues that although the district court properly declined to follow the recommendations in paragraphs 22, 23, and 33, it improperly relied on the allegations about his flight from the Fort Des Moines facility in selecting the appropriate sentence. Kuster points to the following statement by the district court:

> [T]his case did come before me today with a record that would have supported an enhancement for obstruction of justice and it could have supported not giving you acceptance of responsibility because of your absconding. The fact that the government did not pursue those ended up with you gaining a great deal of ground here today.

And I understand you're still looking at a serious sentence, but I think it is only fair that we recognize that the government has responded fairly significantly to the length of the sentence that you were looking at here today and, accordingly, the court has concluded that the guideline sentencing system adequately addresses the circumstances of this case and that the guidelines range is a reasonable range.

Kuster contends that because he objected to paragraphs 22, 23, and 33, and the government declined to offer proof in response, the facts underlying the proposals in those paragraphs were unproven, and the district court erred by relying on them. Kuster did not raise this argument before the district court, so we review for plain error. *United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009).

The district court did not err. When a defendant objects to factual allegations in a PSR, the sentencing court may not rely on those facts unless the government proves them by competent evidence. *United States v. Cochrane*, 608 F.3d 382, 383 (8th Cir. 2010). But when a defendant objects only to the PSR's recommendations, the district court may rely on the unobjected-to factual allegations on which those recommendations are based. *United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006). Kuster objected to paragraphs 22 and 23, which proposed applying the obstruction of justice enhancement, and paragraph 33, which proposed denying the acceptance of responsibility reduction, but he did not object to paragraphs 5 and 6, which contained the factual allegations on which those proposals were based. Accordingly, the district court properly relied on those facts in fashioning a sentence under 18 U.S.C. § 3553(a).

The judgment of the district court is affirmed.

_____