# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3414

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Wayman Simms, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 15, 2012
Filed: September 27, 2012

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Wayman Simms pleaded guilty to conspiracy to distribute and possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Presentence Investigation Report recommended assessing seven criminal history points for three prior state court convictions, which placed Simms in criminal history category IV under the advisory sentencing guidelines. The district court[1] overruled Simms's timely objection, resulting in an advisory guidelines sentencing range of 84-105 months in prison, and sentenced Simms to 84 months in

_____

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

prison. He appeals that sentence, arguing the district court committed procedural sentencing errors in assessing the criminal history points and in refusing to grant his request for a downward sentencing departure. We affirm.

## I.

Simms first argues the district court erred when it assessed three criminal history points each for his two prior Missouri felony convictions for stealing over $150 in December 1991 and again in October 1993. In determining criminal history category, the district court must count any prior sentence exceeding one year and one month "that resulted in the defendant being incarcerated" within fifteen years of his "commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). If parole was granted but then revoked, the "date of last release from incarceration on such sentence" determines whether a conviction falls within this period. § 4A1.2(k)(2)(A). Here, the plea agreement recited that Simms's participation in the conspiracy to distribute heroin began no later than May 2010. Simms argues that his conviction for the 1991 theft falls outside the 15-year limitation, and that the 1993 theft should not be considered a separate offense. His timely objections to the PSR required the government to prove disputed facts by a preponderance of the evidence. United States v. Cochrane, 608 F.3d 382, 383 (8th Cir. 2010). "Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review." United States v. Townsend, 408 F.3d 1020, 1022 (8th Cir. 2005), citing United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003).

At sentencing, in support of the recommended assessments, the government introduced a Missouri Department of Corrections (DOC) "Face Sheet" summarizing Simms's incarceration for the two theft offenses, and testimony by Senior U.S. Probation Officer John Ross, a former employee of the Missouri Board of Probation and Parole who analyzed the Face Sheet and other DOC documents and prepared the PSR recommendation to assess three criminal history points for each conviction under

-2-

§ 4A1.1(a). For the 1991 theft, based on his review of the Face Sheet and other documents, Probation Officer Ross testified that Simms was sentenced on August 28, 1992 to a three-year prison term commencing May 11, 1992; that he was paroled on September 10, 1993 but was returned to DOC custody on December 6, 1993 for violating parole by committing the second offense; and that his sentence for the first offense was "completed 6/23/95."[2] For the October 1993 theft, Ross testified that Simms was sentenced on May 31, 1994 to a four-year prison term commencing December 6, 1993; that he was released on parole on July 11, 1995; and that he was discharged from that sentence on December 5, 1997. On cross examination, Ross denied that Simms was serving both sentences after December 6, 1993, explaining that, while the second theft occurred in October 1993, Simms could not begin serving the second sentence until it was imposed in May 1994. Rather, Simms was returned to custody on the first sentence in December 1993; the court imposing the second sentence in May 1994 then credited that custody by ruling that the second four-year sentence commenced on December 6, 1993.

After considering this evidence and the arguments of counsel, the district court overruled Simms's objections to a three-point assessment for each theft conviction. The convictions must be counted separately, the court explained, because they "were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). Simms argues on appeal, as he did to the district court, that there was no intervening arrest between the revocation of parole in December 1993 and imposition of the second sentence in May 1994. However, as the district court noted, the issue is whether the theft offenses were separated by an intervening arrest. Simms was arrested on December 20, 1991 for the first theft, long before he committed the

[2]June 23, 1995 was three years from the commencement of this sentence on May 11, 1992, plus 44 days that were added to the sentence for an escape infraction in March 1993.

second offense in October 1993. "Under the guidelines . . . an intervening arrest ends the inquiry." United States v. Crippen, 627 F.3d 1056, 1066 (8th Cir. 2010), cert. denied, 131 S. Ct. 2914 (2011). Both sentences fall within the applicable fifteen-year period, the court ruled, because the revocation of Simms's parole on the first sentence in December 1993 resulted in his incarceration until that sentence was completed on June 23, 1995, and he was not paroled on the second sentence until July 11, 1995; both dates are less than fifteen years before he commenced this offense.

On appeal, Simms argues that the government failed to prove that his incarceration on the first theft conviction extended beyond the revocation of parole on December 6, 1993, more than fifteen years before commencement of this offense, like the failure of proof that caused us to remand for resentencing in United States v. Covington, 133 F.3d 639, 643 (8th Cir. 1998). But in Covington, the government introduced no evidence that any parole revocation sentence was imposed that would have extended incarceration into the fifteen-year period (except for an "unhelpful" docket sheet provided at oral argument). Id. at 643 & n.4. Here, on the other hand, the government introduced the DOC Face Sheet and supporting testimony by a qualified witness evidencing that Simms was returned to custody in December 1993 and remained in custody on the first sentence until June 1995. The district court did not clearly err by crediting this evidence and assessing three criminal history points for each theft conviction.

## II.

Simms next argues that the district court erred in assessing one criminal history category point for his 2006 conviction for petty larceny in violation of the St. Louis City Municipal Code. After the government introduced police and municipal court records and additional testimony by Probation Officer Ross in support of this assessment, the district court overruled Simms's objection, concluding that this conviction was not for an offense excluded under U.S.S.G. § 4A1.2(c)(1) or (2). On

the merits, this issue was made more complicated by a 2007 amendment to the Guidelines overruling our prior cases applying § 4A1.2(c). See United States v. Barrientos, 670 F.3d 870, 871-72 (8th Cir. 2012). But we need not address the merits in this case because the district court expressly stated that "even if I were to find that the last criminal history point for the petty offense conviction should not be counted and that the defendant was placed in Criminal History Category III, I would still believe that in this case a sentence of 84 months would be sufficient." Accordingly, the error, if any, was harmless. See United States v. Woods, 670 F.3d 883, 886-87 (8th Cir. 2012); United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

## III.

Finally, Simms argues the district court abused its discretion when it denied his motion for a downward departure under U.S.S.G. § 4A1.3(b). "A district court's refusal to grant a downward departure under the sentencing guidelines is unreviewable unless the court had an unconstitutional motive in denying the request or failed to recognize that it had the authority to depart downward." United States v. Dixon, 650 F.3d 1080, 1084 (8th Cir. 2011). Here, the district court expressly recognized its authority to depart downward, and Simms does not argue the court had an unconstitutional motive in denying his request. As Simms does not argue his within-range sentence is substantively unreasonable, we need not address that issue. United States v. Fischer, 551 F.3d 751, 756 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____