# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1179

_____

United States of America

*Plaintiff - Appellee*

v.

Devord Frank Allen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 20, 2015
Filed: January 12, 2016

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Devord Frank Allen pled guilty to conspiracy to possess with intent to distribute (a) at least 5 kilograms of a mixture and substance containing cocaine, and (b) at least 28 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a) and 846. These offenses commenced in

September 2013.  He appeals the district court's[1] Career Offender finding and the overall substantive reasonableness of his sentence.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Woodard*, 694 F.3d 950, 953 (8th Cir. 2012).  This court first reviews whether the district court committed a significant procedural error, such as a failure to properly calculate the Guidelines range.  *United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012).  If there is no procedural error, this court reviews the substantive reasonableness of the sentence for  abuse of discretion.  *United States v. Vaughn*, 519 F.3d 802, 805 (8th Cir. 2008).

To be a career offender, a defendant must have (among other requirements) at least two prior felony convictions of either a crime of violence or a controlled substance offense. **U.S.S.G. §4B1.1**.  The Guidelines limit the applicable time period for the convictions to "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense," or "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."  **§4A1.2(e)(1)**.

 In 1992, for possessing with intent to distribute cocaine, Allen was sentenced to 78 months' imprisonment and four years of supervised release.  In 2001, Allen was again convicted for selling a controlled substance.  His supervised release was

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

revoked and he served an additional 12 months in custody for the 1992 conviction. Relying on Note 11 in the commentary to section 4A1.2, Allen contends that the district court should not have counted the 1992 conviction as a prior felony under section 4B1.1. He specifically argues that the additional 12 months he served upon revocation should not be counted for Career Offender purposes.

The Guidelines do not support Allen's position. The second clause of section 4A1.2(e)(1) says to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." Allen's sentence for his 1992 crime exceeded one year and one month, and resulted in incarceration during the fifteen-year period before his current offense. *See, e.g.*, ***United States v. Van Anh***, 523 F.3d 43, 60-61 (1st Cir. 2008) (finding second clause of 4A1.2(e)(1) allowed district court to use prior sentence when only the additional year of incarceration from parole violation was within 15 years of current offense); ***United States v. Semsak***, 336 F.3d 1123, 1128 (9th Cir. 2003) ("Note 11 addresses only the points assigned due to the *length* of sentences, not the *recency* of the sentences."). *See also **United States v. Simms***, 695 F.3d 863, 865 (8th Cir. 2012) (affirming use of incarceration from probation revocation to make prior conviction fall within 15 years of instant offense); ***United States v. Patillar***, 595 F.3d 1138, 1141(10th Cir. 2010) ("If a defendant's probation was revoked and his total term of imprisonment exceeded one year and one month, the 'date of last release from incarceration on such sentence' determines whether his prior conviction falls within § 4A1.2(e)(1)'s window.").

The district court did not abuse its discretion in sentencing Allen to 202 months' imprisonment. Considering the relevant 18 U.S.C. § 3553(a) factors, the district court varied downward from the applicable 262-327 month advisory range. "[W]here a district court has sentenced a defendant below the advisory guidelines

range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." ***United States v. Black***, 670 F.3d 877, 882 (8th Cir. 2012).

* * * * * * *

The judgment is affirmed.

_____