# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1761
_____

United States of America

*Plaintiff - Appellee*

v.

Rory Alan Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 29, 2016
Filed: June 8, 2016
[Published]

_____

Before SMITH, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Rory Alan Mitchell appeals his 151-month sentence for two counts of bank robbery, asserting both procedural error and substantive unreasonableness. Because

we conclude that the district court's[1] procedural error in calculating the applicable Guidelines range was harmless, and the sentence imposed was not unreasonable, we affirm.

Mitchell was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On October 24, 2014, Mitchell pleaded guilty to two counts pursuant to a written plea agreement. At the plea hearing, Mitchell stipulated to the legal and factual details in the agreement, with one exception: The written plea agreement stated that the demand note Mitchell used during the bank robbery on December 10, 2013, mentioned a gun, but Mitchell said in open court that the note did not include the word "gun." Despite Mitchell's denial, and contrary to the agreement of the parties, the Presentence Report (PSR) recommended applying a two-level enhancement pursuant to USSG § 2B3.1 based on Mitchell's ostensible mention of a gun in his December 10 demand note. See USSG § 2B3.1(b)(2) (providing for a two-level enhancement "if a threat of death was made" during commission of the robbery). With the enhancement, the applicable offense level was 26, with a Guidelines range of 78–97 months' imprisonment. Without the enhancement (and as agreed to by the parties), the offense level would have been 25,[2] with a Guidelines range of 70–87 months' imprisonment.[3] Mitchell objected to both the factual basis for the enhancement and the application of the enhancement. The government agreed that the enhancement should not apply, but sought an upward departure from the Guidelines range under § 4A1.3. See USSG § 4A1.3 ("If reliable information indicates that the defendant's criminal history category substantially under-represents

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]The one-level difference caused by a two-level enhancement is due to application of the rules for grouping multiple counts. See USSG § 3D1.1.

[3]Mitchell's criminal history category was category III; in the plea agreement, the parties had anticipated either category II or category III.

the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.").

The district court overruled Mitchell's objection to the § 2B3.1 enhancement, finding that Mitchell had admitted in the written plea agreement that the "December 10th [demand] note stated that he had a gun." As a result, the court concluded that the offense level was 26 and the applicable Guidelines range was 78–97 months. The court then considered the government's motion for an upward departure based on Mitchell's under-represented criminal history. The court found that while most of Mitchell's convictions were too old to be allocated criminal history points, this was largely because he had been in prison between 1999 and 2011. The district court noted that following Mitchell's release from prison, "he remained law abiding for only a couple of years, and then he began the cross-country crime spree that resulted in his current convictions." The court concluded that Mitchell's criminal history category "substantially under-represent[ed] . . . the seriousness of his criminal history" and granted the government's motion for an upward departure to criminal history category IV. The adjusted Guidelines range following this departure was 92–115 months. However, the district court ultimately imposed a 151-month sentence. The court noted that "it was only because of a remarkable series of breaks and technicalities that Mr. Mitchell was not considered a career offender with a Guidelines range of 151 months to 188 months." The court then detailed the circumstances that resulted in the much lower Guidelines range, and concluded that the sentence of 151 months' imprisonment was necessary in light of the serious nature of Mitchell's crimes, the need for deterrence, the likelihood of recidivism, and the goal of avoiding unfair sentencing disparities between defendants who have committed similar crimes.

Mitchell first argues that the district court committed procedural error in applying the two-level threat of death enhancement associated with use of a gun during one of the robberies. Because there are no relevant factual issues in dispute,

our review of the district court's application of the Guidelines is de novo. United States v. Scott, 448 F.3d 1040, 1043 (8th Cir. 2006). Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement. United States v. Cochrane, 608 F.3d 382, 383 (8th Cir. 2010). "It is well-established that, 'when a defendant disputes material facts in his PSR, the sentencing court must either refuse to take those facts into account or hold an evidentiary hearing.'" Id. (quoting United States v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004)). If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement. See, e.g., United States v. Poor Bear, 359 F.3d 1038, 1041–42 (8th Cir. 2004). That is precisely what happened here. Mitchell objected to the factual basis for the two-level threat of death enhancement, specifically disputing, as he had at the plea hearing, that he had mentioned a gun in one of his demand notes. The government made no effort to prove the factual basis required to apply this enhancement, and in fact agreed that the enhancement should not be applied. With no evidence presented to support the district court's finding that Mitchell made a threat of death during the December 10 bank robbery, application of the enhancement was erroneous.

We conclude, however, that Mitchell's sentence was not imposed as a result of this misapplication of the Guidelines. See Williams v. United States, 503 U.S. 193, 202–03 (1992) (incorrect Guidelines calculations are harmless if the sentence ultimately imposed was not imposed as a result of the incorrect calculation). The correct Guidelines range in this case was 84–105 months' imprisonment.[4] The district court imposed a sentence of 151 months' imprisonment, the bottom of the Guidelines range had Mitchell been considered a career offender. But the record is clear that the

---

[4]This is the corrected Guidelines range, based on an offense level of 25 and the post-departure criminal history category of IV.

district court did not rely on its erroneous finding that Mitchell had made a threat of death when determining an appropriate sentence. Rather, the district court found that only a series of highly unusual circumstances of timing prevented Mitchell from qualifying as a career offender, and then determined the career offender range was more appropriate for Mitchell in light of the § 3553(a) sentencing factors. The district court offered a thorough explanation for imposing the sentence that it did and in doing so, the court never once mentioned the December 10 demand note, a gun, or a threat of death. On this record, the district court's error was harmless.

Finally, we cannot conclude, as Mitchell urges, that the sentence in this case was unreasonable. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). When reviewing an above-Guidelines sentence, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). Here, the district court thoroughly explained its reasoning in imposing an above-Guidelines sentence, and stated that the 151-month sentence was necessary to serve the purposes of § 3553(a). Though the sentence was significantly above the Guidelines range, the district court did not abuse its discretion in arriving at that sentence.

Accordingly, we affirm.

_____