# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3496

_____

United States of America

*Plaintiff - Appellee*

v.

Randall Scott Davenport

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 28, 2018
Filed: December 14, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Randall Scott Davenport of two counts of sexual exploitation of a child and production of child pornography under 18 U.S.C. § 2251(a), and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), (b)(2).

The district court[1] sentenced him to 840 months' imprisonment. Davenport appeals, arguing the district court should have granted his motions for judgment of acquittal and for new trial, due to insufficient evidence. He also contends the district court erred in applying various sentencing enhancements, making his sentence substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Fourteen-year-old MD told police that her father—Randall Davenport—had explicit photographs of her on his cell phone and tablet device. She said Davenport had been touching her inappropriately for three to four years, confirming in an interview the next day that it began when she was 11 or 12 years old. MD described how she would wake up to him masturbating, touching her genitals, and inserting his fingers or a vibrator inside her vagina. According to MD, Davenport had sexual intercourse with her eight or nine times. If she resisted, he held down her wrists and thrusted with greater force.

On the day MD first spoke to police, they went to Davenport's home to speak with him and Mildred Thompson, MD's mother. He consented to a search of his cell phone, but told police he had no other electronic devices. While interviewing Davenport and Thompson, however, police recovered two other devices—a laptop in plain view and the tablet MD had described to police, which Thompson found—after police questioned her about it—hidden under a sofa.

Police later interviewed Davenport twice. He initially called MD's allegations "out of left field," but then admitted he "probably" took nude photographs of MD on

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

his cell phone. He told police that while MD was sleeping, he would pull her clothes aside, touch her vagina, and penetrate her with his fingers or a vibrator.

A month later, Thompson turned over a second laptop computer she found in the basement. It had at least 10 inappropriate photographs taken with a Panasonic camera and saved in the "dad" folder. In the photos, the victim is lying on a bed wearing red-and-black pajama shorts. A blue-and-gray-cat blanket is visible in many of the images. The photos depict male hands pulling away the victim's underwear and touching or penetrating her vagina. Based on the second-laptop images, the government charged Davenport with two counts of sexual exploitation of a child and production of child pornography, and one count of possession of child pornography. The district court denied Davenport's motion for a directed verdict or judgment of acquittal. The jury convicted on all counts. Davenport moved for a new trial based on the weight of the evidence, which was denied.

II.

This court reviews de novo the denial of a motion for judgment of acquittal. *United States v. Lundstrom*, 880 F.3d 423, 436 (8th Cir. 2018). "We consider the evidence, and all reasonable inferences that may be drawn therefrom, in the light most favorable to the jury's verdict." *Id.* Under this "very strict standard of review," this court reverses only if no reasonable jury could have found Davenport guilty. *Id.*

This court reviews the denial of a motion for new trial for abuse of discretion. *United States v. Davis*, 534 F.3d 903, 912 (8th Cir. 2008). A motion for new trial based on sufficiency of evidence is disfavored. *Id.* The court may grant a motion for a new trial "where the evidence presented weighs heavily enough against the verdict that the court believes a miscarriage of justice may have occurred." *Id.*

Davenport argues the district court erred in denying his motions for acquittal and for new trial because there was insufficient evidence for all three counts. To convict a defendant of sexual exploitation of a child and production of child pornography, the jury must find that "the child named in the indictment was under the age of eighteen during the time period alleged in the indictment, that the defendant acted with the purpose of producing a visual depiction of the conduct, and that the materials used to produce the visual depiction were mailed, shipped, or transported, including by computer, in interstate or foreign commerce." *United States v. Wallace*, 713 F.3d 422, 428 (8th Cir. 2013). According to Davenport, the government did not establish the victim's identity or that he took the photos because there was no evidence showing when the photos were taken or connecting him to the Panasonic camera.

The government charged that Davenport took the photos between late 2013 and 2015. The "original date/time" stamp on the photos says 2008. The jury heard testimony that this stamp was based on the camera setting, which could be set incorrectly. At trial, a police detective summarized Davenport's admissions to taking cell-phone photos of him touching MD's vagina as she slept. The jury saw photos from the laptop that matched his admissions. In all the photos, the victim is wearing red-and-black pajama shorts. In many, she is lying on the blue-and-gray-cat blanket. At trial, a detective identified MD's face in one of the photos for Count I. While her face is not identifiable in the photos for Count II, the jury heard testimony that the pajama shorts were MD's. Police recovered the blanket in the photos from Davenport's basement. Her mother testified that MD often slept on this blanket in the basement "where Randy hung out most of the time." She also testified she, Davenport, and MD were the only people living in the house. Ample evidence supports convicting Davenport of sexual exploitation of MD and production of child pornography.

-4-

To convict Davenport for possession of child pornography, the jury must find he knowingly possessed an item of child pornography and transported it in interstate or foreign commerce. *United States v. Worthey*, 716 F.3d 1107, 1113 (8th Cir. 2013). Davenport argues the government failed to prove he possessed the laptop or knew about the photos. However, Thompson testified that the laptop belonged to him. The laptop's password was "Randy1964," his nickname and birth year. The photos were saved in the "dad" folder in July 2015—the time frame of his admissions. The content of the photos match his admissions. A reasonable jury could find Davenport guilty. *See id.* (finding sufficient evidence of knowing possession where the defendant made inculpatory statements and the laptop's username was connected to the defendant's name); *United States v. Grauer*, 701 F.3d 318, 324 (8th Cir. 2012) (reasoning there was sufficient evidence to prove constructive possession because police found explicit images saved on a home-office laptop used primarily by the defendant).

Because there is sufficient evidence for all three counts, the district court did not err in denying Davenport's motions for acquittal and for new trial.

III.

Davenport appeals the district court's application of sentencing enhancements for the age of the victim, obstruction of justice, and physical restraint of the victim. He believes these errors caused the district court to give significant weight to improper factors, tainting the analysis of the 18 U.S.C. § 3553(a) factors and resulting in a substantively unreasonable sentence.

A.

"This court reviews factual findings for clear error, and application of the sentencing guidelines de novo." *United States v. Johnson*, 846 F.3d 1249, 1250 (8th

Cir. 2017). "Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement." *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016). Preponderance of the evidence "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. DeRosier*, 501 F.3d 888, 896 (8th Cir. 2007), *quoting In re Winship*, 397 U.S. 358, 371 (1970).

The district court imposed a four-level enhancement under U.S.S.G. § 2G2.1(b)(1)(A) because it found MD was under the age of 12 when Davenport began photographing her. He alleges there was insufficient evidence to support this finding. He believed he began taking pictures of MD when she was 13 or 14 years old, but acknowledged it could have started when she was 12. However, when she was 14, MD told police she had been sexually exploited for "the past three to four years," meaning it began when she was 10 or 11. Later, she explicitly reported that Davenport began sexually abusing her when she was 11 or 12. These statements sufficiently support the district court's determination that the abuse began when MD was 11. The court did not err in applying the enhancement.

The obstruction-of-justice enhancement applies when the "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." **U.S.S.G. § 3C1.1**. The guidelines' examples include concealing or attempting to conceal material evidence and making a materially false statement to law enforcement that "significantly obstructed or impeded the official investigation or prosecution." **U.S.S.G. § 3C1.1 cmt. n. 4**. Though Davenport allowed police to examine his cell phone, he falsely denied having other electronic devices. After police separately questioned Thompson about the tablet, she found it hidden under the sofa and handed it to Davenport, who then gave it to the police. He never told police about the second laptop Thompson discovered in the basement.

Davenport claims these statements did not "significantly" obstruct the government's investigation. However, "[t]his standard is met where 'the investigation and prosecution reasonably would have proceeded more quickly and required less effort' if the defendant had made truthful statements to law enforcement." ***United States v. Montanari***, 863 F.3d 775, 780 (8th Cir. 2017). If Davenport truthfully told police about the other devices—particularly the second laptop—the investigation and prosecution could have proceeded more quickly and required less effort. Further, Davenport's statements demonstrate an attempt to conceal the electronic devices from police. The district court did not err in finding Davenport obstructed or attempted to obstruct the investigation and sentencing. The enhancement was properly applied.

The district court imposed an enhancement for the physical restraint of a victim under § 3A1.3. Physical restraint is the "forcible restraint of the victim such as by being tied, bound, or locked up." **U.S.S.G. § 1B1.1, cmt. n. 1(L)**. The district court found the enhancement applied because Davenport held MD's wrists down while sexually abusing her. When she tried to resist, he thrusted with greater force. Davenport contends this is not physical restraint. Restraint, however, is not limited to the examples in the guidelines. ***Arcoren v. United States***, 929 F.2d 1235, 1246 (8th Cir. 1991) ("The use in the definition of the words 'such as' before those three terms indicates that the terms are merely illustrative examples and do not limit the type of conduct that may constitute a physical restraint."). This enhancement applied where the defendant dragged a resistant victim through the house because his actions "prevented her freedom of movement [and] prevented her escape." ***United States v. Plenty***, 335 F.3d 732, 735–36 (8th Cir. 2003). Here, holding down MD's wrists while thrusting constitutes physical restraint because it restricted her freedom of movement and prevented her from leaving. ***Id.***

Davenport also contends the court erred in applying this enhancement because it is the same conduct for the enhancement under § 2G2.1(b)(2)(B), resulting in improper double-counting. "Double counting is prohibited only if the guidelines at

-7-

issue specifically forbid it." ***United States v. Pappas***, 715 F.3d 225, 229 (8th Cir. 2013), *citing* **U.S.S.G. § 1B1.1 cmt. n. 4(A)**. Neither § 2G2.1(b)(2)(B) nor § 3A1.3 prohibit the district court from applying the other enhancement. Section 3A1.3 says not to apply the physical-restraint enhancement if the "offense guideline specifically incorporates this factor" or if physical restraint is an element of the offense. Section 2G2.1(b)(2)(B) provides a four-level enhancement for the commission of a sexual act constituting aggravated sexual abuse under 18 U.S.C. § 2241, which does not require the use of force or specifically incorporate physical restraint. The district court did not err in applying the physical-restraint enhancement.

## B.

This court reviews the substantive reasonableness of a sentence for abuse of discretion. ***United States v. Waters***, 883 F.3d 1022, 1028 (8th Cir. 2018). The district court "abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." ***United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district judge must consider the § 3553(a) factors to determine the appropriate sentence, but does not need to mechanically recite the factors in the record. ***Id.*** "A sentence within the guidelines range is presumptively reasonable on appeal." ***United States v. Garcia***, 512 F.3d 1004, 1006 (8th Cir. 2008), *citing* ***Rita v. United States***, 551 U.S. 338, 347 (2007).

Davenport's offense level of 53 exceeds the guidelines' level of 43, resulting in a sentencing range over the statutory maximum. The district court properly adjusted the sentencing range to 840 months to align with the statutory maximum. The court acknowledged it considered all the § 3553(a) factors, discussing the need for adequate deterrence and protecting the public. The court reasoned that the seriousness of Davenport's crimes justified a sentence at the statutory maximum,

effectively a life sentence.  *See* **United States v. Demeyer**, 665 F.3d 1374, 1374–75 (8th Cir. 2012) (affirming a sentence for 1,440 months where the defendant photographed and shared explicit images of his daughter); **United States v. Betcher**, 534 F.3d 820, 823, 827–28 (8th Cir. 2008) (upholding a 9,000-month sentence where the defendant photographed and shared explicit images of his granddaughters).  The sentence was substantively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____