# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1173
_____

United States of America

*Plaintiff - Appellee*

v.

Rico Fernandez Long

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 14, 2019
Filed: March 4, 2019
[Unpublished]
_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Defendant Rico Long appeals the below-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to possessing a firearm as a felon. We affirm.

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

# I.

With a firearm in his car, Long transported a woman in interstate commerce to engage in commercial sex at a hotel with a client. The client, in fact, was an undercover officer. Officers intercepted the woman at the hotel and interviewed her. Officers then attempted to approach Long in the hotel parking lot, but he fled on foot. Officers discovered the firearm in his vehicle. The government charged him with several crimes related to attempted prostitution, interstate transport of the woman, and firearm possession.

Long pleaded guilty to violating 18 U.S.C. § 922(g)(1) pursuant to a plea agreement in which the government agreed to drop all other charges. The plea agreement provided that no specific-offense-characteristic enhancement would apply and that the total offense level would depend on Long's criminal history, the characteristics of the firearm, and a three-level reduction for acceptance of responsibility.

The PSR set forth the facts as described above and assessed a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense, namely, the promotion of prostitution. This resulted in a total offense level of twenty-five. Long filed no objections to the PSR. Prior to sentencing, however, counsel for Long submitted a written request for a downward variance of four levels. Counsel expressly conceded the correctness of the four-level enhancement but asked for a corresponding four-level downward variance to arrive at a total offense level devoid of any specific-offense-characteristic enhancements, as envisioned in the plea agreement. Counsel stated:

> Because the PSR is correct in the application of the 4 level enhancement, the only way Defendant can receive the sentence

-2-

contemplated in the Plea Agreement is if this Honorable Court were to vary from a Total Offense Level of 25 to a Total Offense Level of 21.

The government, honoring its agreement, supported Long's request, indicating to the district court that the total offense level should be twenty-one and the advisory Guidelines range should be seventy-seven to ninety-six months. The government recommended a sentence of ninety-six months. The district court honored the parties' requests and varied downwardly by four levels. The district court ultimately imposed a sentence of ninety-six months' imprisonment.

II.

Long appeals, arguing the district court erroneously applied the four-level enhancement of U.S.S.G. § 2K2.1(b)(6)(B). We reject his argument. Whether characterized as invited error or as an expressly waived issue, counsel's agreement to application of the enhancement precludes relief. See United States v. Lomas, 826 F.3d 1097, 1109 (8th Cir. 2016) (rejecting a challenge to an advisory Guidelines range where the defendant had invited the court to use that range); United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016) ("A waiver . . . is the intentional relinquishment or abandonment of a known right, whereas forfeiture is the failure to make the timely assertion of a right. Waiver precludes appellate review, while forfeiture limits consideration to a rigorous plain-error standard." (citation and quotation marks omitted)). Moreover, even if we could review this issue, and even if we were to find error, we would deem any such error harmless in light of the district court's grant of the jointly requested downward variance that specifically eliminated the increase in offense level caused by the enhancement.

As a separate matter, Long argues the district court plainly erred by not *sua sponte* departing downwardly based on an allegedly overstated criminal history. We may not address this unpreserved issue because a "district court's refusal to grant a

downward departure under the sentencing guidelines is unreviewable unless the court had an unconstitutional motive in denying the request or failed to recognize that it had the authority to depart downward." United States v. Simms, 695 F.3d 863, 866 (8th Cir. 2012) (citation omitted). Long alleges no such motive, and the experienced district court judge in this matter was well aware he possessed the discretion to depart.

We affirm the judgment of the district court.

_____