# United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-1730
_____

United States of America

*Plaintiff - Appellee*

v.

Cory Paul Bartlett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: March 4, 2019
Filed: March 7, 2019
[Unpublished]
_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Cory Paul Bartlett pleaded guilty to transporting a minor with intent to engage in criminal sexual activity.  18 U.S.C. § 2423(a).  The district court[1] sentenced him

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

to an above-Guidelines-range sentence and ordered him to pay restitution to the victim for, among other things, the estimated costs of future therapy. In an *Anders* brief, Bartlett's counsel seeks to withdraw and raises a Guidelines enhancement for restraint of the victim, the amount of the restitution award, and the substantive reasonableness of Bartlett's sentence as three potential issues for us to consider on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Bartlett's pro se brief echoes those arguments and additionally claims that he received ineffective assistance of counsel.

The district court did not clearly err in finding that Bartlett restrained the victim. *See* U.S.S.G. § 3A1.3 (specifying an enhancement for "physically restrain[ing]" the victim "in the course of the offense"); *United States v. Davenport*, 910 F.3d 1076, 1081 (8th Cir. 2018) (reviewing the factual findings underlying a Guidelines enhancement for clear error). The police found ligature marks on the victim's wrists, and an FBI Special Agent described how Bartlett tied her up at least twice.

Nor did the district court clearly err when it estimated the victim's future treatment costs and included them in the restitution award. *See United States v. Palmer*, 643 F.3d 1060, 1067 (8th Cir. 2011) (reviewing the amount of restitution ordered for clear error and noting that, "[a]lthough predicting future psychological damages is notoriously difficult, the district court was only required to make a reasonable estimate, not establish the victim's future treatment costs with certainty"). Bartlett's overall sentence is substantively reasonable because the court was entitled to give more weight to the violent nature of the crime and the victim's age than to other considerations. *See* 18 U.S.C. § 3553(a); *United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions).

Finally, we decline to consider Bartlett's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir.

2006) (explaining that ineffective-assistance-of-counsel claims "are usually best litigated in collateral proceedings"). Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we conclude that there are no other non-frivolous issues for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel permission to withdraw.

_____