# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3727
_____

United States of America

*Plaintiff - Appellee*

v.

Albert Kelly Price, also known as Anthony Sutton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: August 17, 2021
Filed: August 23, 2021
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Albert Price appeals the sentence imposed by the district court[1] after he pleaded guilty to sex trafficking children. His counsel has moved for leave to withdraw, and

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging his sentence.

Upon careful review, we conclude that district court correctly calculated Price's offense level. <u>See</u> <u>United States v. Davenport</u>, 910 F.3d 1076, 1081-82 (8th Cir. 2018) (factual findings are reviewed for clear error, and application of Guidelines are reviewed de novo; application of sentencing enhancements must be supported by preponderance of evidence). Specifically, the record supported the enhancements for undue influence, <u>see</u> U.S.S.G. § 2G1.3(b)(2)(B); for physical restraint, <u>see</u> U.S.S.G. § 3A1.3; and for being a repeat sex offender, <u>see</u> U.S.S.G. §4B1.5(b)(1).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). Further, the court imposed a sentence below the Guidelines range. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____