# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1669
_____

United States of America

*Plaintiff - Appellee*

v.

Travis Lee Morgan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: December 17, 2025
Filed: January 8, 2026
[Unpublished]
_____

Before SMITH, GRUENDER, and KOBES, Circuit Judges.
_____

PER CURIAM.

Travis Morgan appeals the above-Guidelines sentence the district court[1] imposed after he pled guilty to attempted transfer of obscene material to a minor. His

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

counsel has moved for leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the findings of fact at sentencing regarding a desktop computer and the substantive reasonableness of the sentence.

Upon careful review, we conclude that the district court did not clearly err when it found that the computer in question belonged to Morgan. <u>See</u> <u>United States v. Dickson</u>, 127 F.4th 722, 727-28 (8th Cir. 2025) (where alleged procedural error at sentencing is selection of above-Guidelines sentence based on erroneous facts, our review is for clear error; district court did not clearly err in finding aggravating facts for purpose of imposing an upward variance). We further conclude that the district court did not impose a substantively unreasonable sentence, as the court carefully considered the relevant factors and the aggravating aspects of Morgan's circumstances before varying upward to a 60-month prison term based on Morgan's troubling conduct and history. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (substantive reasonableness of sentence reviewed for abuse of discretion, which can occur when district court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing relevant factors); <u>see also</u> <u>United States v. Mitchell</u>, 825 F.3d 422, 426 (8th Cir. 2016) (per curiam) (when reviewing above-Guidelines sentence appellate court must consider extent of deviation but must give due deference to district court's decision that sentencing factors justify extent of variance).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____