# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2383

_____

United States of America

*Plaintiff - Appellee*

v.

Jimmie Willis, also known as Jimbo, also known as Bo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 20, 2025
Filed: March 9, 2026
[Published]

_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jimmie Willis appeals his 240-month sentence of imprisonment. After careful review, we reverse and remand for resentencing.

## I.

On March 15, 2024, Willis pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). While executing a search warrant at Willis's home, police found, as relevant here, four firearms in the trunk of an Audi parked in a detached garage. The Audi also had a counterfeit VIN, and the Presentence Investigation Report (PSR) included allegations that Willis was "fraudulently cloning vehicles" in connection with a used car lot he owned. Willis filed numerous objections to the PSR. Among them, he objected to the recommendation that he receive an enhancement in his offense level for his aggravating role, denied knowledge or ownership of the firearms found in the Audi, and denied that he fraudulently cloned vehicles.

Willis appeals only his sentence, arguing the district court made two procedural errors: first, by applying a 2-level enhancement under USSG § 3B1.1(c) and second, in considering the four firearms found in the detached garage when imposing his sentence. He also argues that his sentence is substantively unreasonable. We address each in turn.

## II.

[W]e review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Jones, 89 F.4th 681, 684 (8th Cir. 2023) (quoting United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017)). "[I]n reviewing the sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." Id. (quoting Godfrey, 863 F.3d at 1095).

## A.

Willis first challenges the imposition of a 2-level enhancement under USSG § 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in subsection (a) or (b), increase [the offense level] by 2 levels."). "The government bears the burden of proving by a preponderance of the evidence that [an] aggravating role enhancement is warranted." United States v. Lora-Andres, 844 F.3d 781, 785 (8th Cir. 2016) (quoting United States v. Gaines, 639 F.3d 423, 427 (8th Cir. 2011)); see also United States v. Whitworth, 107 F.4th 817, 823–24 (8th Cir. 2024) (addressing whether the aggravated role enhancement under USSG § 3B1.1(c) was proven by a preponderance of the evidence). "The district court's determination of a participant's role in the offense is a factual finding that we review for clear error." United States v. Ellis, 129 F.4th 1075, 1080 (8th Cir. 2025) (quoting United States v. Ayers, 138 F.3d 360, 364 (8th Cir. 1998)).

The district court concluded that the government failed to prove Willis acted in a supervisory role sufficient to warrant a 3-level enhancement under USSG § 3B1.1(b), but found sufficient evidence in the record to support a 2-level enhancement under USSG § 3B1.1(c). The undisputed facts in the PSR established that Willis "utilized" another individual to transport "ice" methamphetamine from Arizona to Iowa at least twice and that Willis "organized" these trips. One of these shipments involved more than 300 pounds of the drug. See United States v. Heard, 91 F.4th 1275, 1279 (8th Cir. 2024) ("We construe the terms 'manager' and 'supervisor' liberally, affirming the enhancement even when the defendant managed or supervised only one other participant during a single transaction." (citing United States v. Valencia, 829 F.3d 1007, 1012 (8th Cir. 2016))).

The district court also noted the "scale and scope of the conspiracy," "the number of suppliers that [Willis] had," and "the number of people [Willis] was supplying" as support for the 2-level enhancement. Willis is right that the mere size of a conspiracy or quantity of drugs involved is not sufficient factual information to

support a role enhancement for an individual participant in the conspiracy. But we see no clear error in the district court's reliance on these factors here to appreciate the type of organization necessary to operate what it found to be a large-scale drug conspiracy and to understand Willis's role within it.

The district court did not err in applying a 2-level enhancement under USSG § 3B1.1(c).

## B.

Second, Willis argues that the district court procedurally erred when it relied on evidence of the four firearms found in the Audi parked in the detached garage when considering the § 3553(a) factors. A district court may not rely on objected-to portions of the PSR during sentencing unless the government presents evidence to prove the disputed facts. See United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014) (citations omitted). Willis filed written objections asserting he never possessed these firearms and had no knowledge of them. Here, it is undisputed that the government offered no evidence at the sentencing hearing to prove Willis's ownership or control of these firearms.

As an initial matter, the government argues Willis waived this objection or, "at minimum," forfeited it because he did not renew his objection after the district court identified the vehicle cloning allegation as the only remaining factual objection. As the government notes, the court then clarified it would not rely on the allegation that Willis was fraudulently cloning vehicles.

Immediately preceding in the colloquy, however, the district court asked Willis if there were "any outstanding factual objections to the report." Willis responded that he "maintain[ed] the factual objections and clarifications that were previously made." He further stated, "Based on the fact that the [g]overnment is not presenting any evidence today, I don't believe a further record needs to be made on that." Shortly thereafter, the district court explained that it would "rely on the

-4-

unobjected-to factual information contained in the presentence investigation report," and it expressly stated it was "not relying on any objected-to material" in the PSR. The government faults Willis for not making any additional record on what facts the district court intended to consider when imposing its sentence, but the district court had made a clear ruling that it would not rely on objected-to facts. See Fed.R.Crim.P. 32(i)(3)(B). No additional objection was required.

When considering the § 3553(a) factors, the district court referred to the firearms found in the Audi:

> [I]n the garage, there is a loaded Beretta, a Springfield, and Glock that had been altered to make it fully automatic. Two of the magazines were capable of accepting more than 15 rounds of ammunition. Those are not . . . run-of-the-mill guns, and there are many of them, and there's no adjustment to the guidelines for the number of guns possessed, the fact that they were loaded, or the fact that they were stolen. So these are all aggravating factors that are present here as part of this conspiracy . . . .

The court expressed particular concern about the type of firearms found in the garage—a loaded gun, a gun "that had been altered to make it fully automatic," and large capacity magazines. It described them as "not run-of-the-mill guns" and "aggravating factors." Yet the government presented no evidence of Willis's connection to these firearms. See Richey, 758 F.3d at 1002 ("If the sentencing court chooses to make a finding with respect to [any] disputed facts, it must do so *on the basis of evidence*, and not the presentence report." (quoting United States v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004) (alteration in original))). "It is well established that . . . basing a sentence on unproven, disputed allegations" is procedural error. Id. (citing Gall v. United States, 552 U.S. 38, 50 (2007)). The district court ultimately imposed a sentence below the advisory Guidelines range, "[b]ut we cannot rule out the possibility that the court might have reduced the sentence even further" if not for this error. United States v. Combs, 44 F.4th 815, 818 (8th Cir. 2022) (per curiam).

## III.

We vacate Willis's sentence. Because we remand to the district court, we decline to address Willis's argument that his sentence is substantively unreasonable.

_____